## TIMOTHY MURPHY, RESPONDENT, *v.* THE CITY OF BUFFALO, APPELLANT.

*Claim against the city of Buffalo — when a presentation of it to the clerk of the common council thereof is treated as a presentation of it to that body — 1870, chap.* 519, *tit.* 3, *sec.* 7.

The presentation of a claim against the city of Buffalo to the clerk of the common council thereof, is a presentation of the claim to the common council within the meaning of section 7 of title 3 of the charter of the city, which provides that no action or proceeding to recover or enforce a claim against the city shall be brought until the expiration of forty days after the claim " shall have been presented to the common council for audit."

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury rendered at the Erie Circuit, and from an order of the Erie Special Term denying a motion for a new trial made on a case and exceptions.

*Herman Hennig,* for the appellant.

*Frank E. Sickles,* for the respondent.

HAIGHT, J. :

This action was brought to recover for personal injuries claimed to have been received by the plaintiff by reason of a defective sidewalk in the city of Buffalo. The claim for damages by reason of such injury was made out and delivered to the city clerk on the 23d day of November, 1883. Thereafter, and on December 17, 1883, as appears from the minutes of the common council as kept by the clerk, the claim of Timothy Murphy for injuries received was referred to the committee on claims.

This action was commenced on January 8, 1884. More than forty days had elapsed after the claim was delivered to the clerk before the action was commenced, but there had not been forty days intervening after the claim was referred by the common council to the committee on claims.

The only question presented by this appeal is whether or not the delivery of the claim to the clerk was a presentment of the claim to the common council for audit within the provision of the charter. (1870, chap. 519.) Title 3, section 7 of the charter, provides that

" it (the common council meaning) shall audit all claims against the city, but no unliquidated claim shall be received for audit unless made out in detail, * * * no action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council for audit in the manner and form aforesaid." Section 48 of title 2 provides that " the city clerk shall be the clerk of the city, of the common council and of the board of health. He shall, under the direction of the common council, make up a journal of its proceedings." The common council is composed of the aldermen of the several wards of the city. They act together as a corporate body, and a majority are required in order to form a quorum. No individual alderman constitutes the council; laymen, except by the courtesy of the council, have not the privilege of the floor. So that, if the charter is to be construed literally, the claim would have to be presented to at least a majority of the aldermen in council assembled. This we do not understand to be the purpose or intent of the charter. The clerk keeps the minutes of the proceedings and has the custody of the papers belonging to the council. He is an officer of the council, chosen by itself for that purpose, and it apppears to us is a proper person to receive and take charge of the claims presented for audit.

The judgment and order should be affirmed.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment and order affirmed.